Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FEDERAL INSURANCE COMPANY a/s/o L&M
DIRECT LLC

        Plaintiff,                          21 Civ.

   - against –

M/V MAERSK EINDHOVEN, her engines, tackle,        **COMPLAINT**
boilers, etc. *in rem*; OCEAN FEI SHIPPING
LIMITED; MAERSK A/S and MSC
MEDITERRANEAN SHIPPING CO. S.A., *in
personam.*

        Defendants.
-------------------------------------------------------------X

     Plaintiff, Federal Insurance Company a/s/o L&M Direct LLC, by and through its attorneys,

Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and the

jurisdiction clause contained in ocean carrier MSC's bill of lading, which mandates that all claims

involving shipments to or from the United States be commenced in this district.

## PARTIES

2.      At all material times, Federal Insurance Company (hereinafter "FIC" or "Plaintiff")
was and is a corporation with an office and place of business located at 15 Mountain View Road,
Warren, New Jersey 07059, and is the subrogated underwriter of a container of Handbags and
Accessories laden on board the M/V MAERSK EINDHOVEN, as more specifically described
below.

3.      At all material times, L&M Direct LLC, (hereinafter "L&M" or "Plaintiff") was
and is a corporation organized and existing by virtue of the laws of a foreign state with an office
and place of business located at 48 West 37th Street, 18th Floor, New York, New York 10018 and
was the owner/consignee of a consignment of Handbags and Accessories laden on board the M/V
MAERSK EINDHOVEN, as more specifically described below.

4.      At all material times, defendant M/V MAERSK EINDHOVEN (hereinafter "the
vessel") is an ocean-going container ship owned and operated by defendants, as more specifically
described below, that carried containerized cargo which is the subject matter of this lawsuit, from
Asia to the United States.

5.      At all material times, defendant Ocean Fei Shipping Limited. (hereinafter "Ocean
Fei") was and is a corporation with an office and place of business located at Trust Company
Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands, MH96960, was and is the
owner of the M/V MAERSK EINDHOVEN and at all relevant times, was and is still doing
business within the jurisdiction of this Honorable Court.

6.      At all material times, defendant Maersk A/S (hereinafter "Maersk") was and is a
corporation with an office and place of business located at 180 Park Avenue, Bldg. 105, Florham
Park, New Jersey 07932, was and is the Technical Manager, Third Party Operator, and ISM

Manager of the M/V MAERSK EINDHOVEN and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

7.     At all material times, defendant, MSC Mediterranean Shipping Co., S.A. (hereinafter "MSC") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 420 Fifth Avenue, 8th Floor, New York, New York 10018, was and is acting as a common carrier of goods for hire and, at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

8.     Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

9.     In or about December 2020, cargo shipper Chico Chica Enterprises (Hong Kong) Limited (hereinafter "Chico Chica") contracted to sell certain handbags and accessories to L&M and L&M agreed to purchase said goods.

10.     Cargo shipper Chico Chica contracted with NVOCC Honour Lane Shipping Limited to arrange transport of said goods to the United States. Honour Lane, acting as the agent for cargo interests, thereafter contracted with ocean carrier/defendant MSC to transport said goods.

11.     In January 2021, a consignment consisting of 781 Cartons Handbags and accessories, laden in container number CAIU 8730645, then being in good order and condition, was delivered to MSC and/or their agents in Haiphong, Vietnam in consideration of an agreed upon freight, pursuant to MSC bill of lading number MEDUV3526120 dated January 8, 2021, for transportation to Los Angeles, California.

12. On or about January 17, 2021 container CAIU 8730645 was loaded on board feeder vessel M/V MAJD in Haiphong, Vietnam by defendant MSC and or its agents.

13. The aforementioned container was thereafter discharged from the M/V MAJD in a port in the People's Republic of China and thereafter loaded on board the M/V MAERSK EINDHOVEN in late January or early February 2021.

14. On or about February 17, 2021, while the vessel was enroute to the United States and in the Pacific Ocean, the M/V MAERSK EINDHOVEN inexplicably experienced an engine failure resulting in a loss of propulsion.

15. The engine failure on board the M/V MAERSK EINDHOVEN occurred while the vessel was experiencing rough seas, which resulted in the loss of a number of containers overboard and other containers suffering physical damage.

16. Container CAIU 8730645 was lost overboard during the foregoing event.

17. As a result of the foregoing, L&M suffered a loss of its cargo valued at $80,480.40 that was laden in container CAIU 8730645.

18. At all times relevant hereto, a contract of insurance for property damage was in effect between L&M with FIC, which provided coverage for, among other things, loss or damage to the subject consignment.

19. Pursuant to the aforementioned contract of insurance between L&M and FIC, monies have been expended on behalf of L&M to the detriment of FIC due to the damages sustained during this transit.

20. As FIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendants, FIC has an equitable right of subrogation and is subrogated, to

the extent of the expenditures, to the rights of its insured with respect to any and all claims for damages against the defendants.

21.    By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $80,480.40.

## AS AND FOR A FIRST CAUSE OF ACTION- BREACH OF CONTRACT

22.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23.    Pursuant to the contract entered into between the parties, Defendants owed a contractual and statutory duty to the Plaintiff to safely and properly carry, keep, care for and deliver Plaintiff's cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods. Defendants also had a contractual and statutory duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner and had a statutory and contractual duty to exercise due diligence in maintaining the seaworthiness of the M/V MAERSK EINDHOVEN.

24.    Defendants breached the aforementioned contractual and statutory duties they owed to Plaintiff.

25.    The loss sustained by Plaintiff was not the result of any act or omission of the Plaintiff or the cargo shipper, but, to the contrary, was due solely as the result of the breach of contract on the part of Defendants and/or its agents and / or the unseaworthiness of the M/V MAERSK EINDHOVEN.

26.    As a direct and proximate result of said breach of contract by the defendants, the Plaintiff has suffered damages in the amount presently estimated to be no less than $80,480.40.

27.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $80,480.40.

### AS AND FOR A SECOND CAUSE OF ACTION – BREACH OF BAILMENT

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 21, inclusive, as if herein set forth at length.

29.     At the time of the aforementioned casualty, defendants together with the entities they hired to act on their behalf, were acting as bailees of the shipment and in their own capacity, or through their contractors, agents, servants, or sub-bailees, owed statutory duties to the Plaintiff to safely and properly carry, keep, care for and deliver the shipment in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

30.     Defendants breached their duties and obligations as bailees by failing to deliver said shipment to its intended destination in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

31.     As a direct and proximate result of the breach of bailment by the Defendants, the Plaintiff has suffered damages in the approximate amount of $80,480.40.

32.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $80,480.40.

### AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 21, inclusive, as if herein set forth at length.

34.     The Defendants owed a duty to the Plaintiff to properly carry, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

35.     The Defendants breached and were negligent in performing their duty to carry, keep and care for, protect and deliver the Plaintiff's cargo in the same good ore and condition as at the time said defendants first accepted custody and control of the goods.

36.     As a direct and proximate result of the negligent acts of the Defendants, the Plaintiff has suffered damages in the approximate amount of $80,480.40.

37.     By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $80,480.40.

## AS AND FOR A FOURTH CAUSE OF ACTION - UNSEAWORTHINESS

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 21, inclusive, as if herein set forth at length.

39.     As the owners, operators, charterers and /or managers of the M/V MAERSK EINDHOVEN, defendants were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry cargoes that were delivered to and loaded on board the M/V MAERSK EINDHOVEN during winter North Pacific voyages.

40.     Prior to, and at all times relevant hereto, the Defendants failed to exercise due diligence to make the M/V MAERSK EINDHOVEN seaworthy. the M/V MAERSK EINDHOVEN was at all relevant times not fit to undertake the service in which she was engaged. The losses suffered by or in connection with Plaintiff's cargo were caused in whole or in part by

7

the Defendants' failure to exercise due diligence to make the M/V MAERSK EINDHOVEN seaworthy at the commencement of the voyage.

41.     The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and /or their agents, representatives and independent contractors for whose acts and omissions it was responsible, including but not limited to, their failure to maintain the M/V MAERSK EINDHOVEN in a seaworthy condition.

42.     The losses suffered by or in connection with Plaintiff's cargo, as well as the subject casualty, resulted from causes within the privity and knowledge of the Defendants, and/or their officers, directors, managers, supervisors, superintendents and/or such persons whose privity and knowledge are imputable to Defendants.

43.     As a direct and proximate result of eth aforesaid unseaworthiness resulting from Defendants actions, or failure to act, the Plaintiff has suffered damages in the approximate amount of $80,480.40.

44.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $80,480.40.

**WHEREFORE,** Plaintiff prays:

1.     That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages in the amount of at least $80,480.40, together with interests, costs and the disbursements of this action; and

3.      That this Court grant to Plaintiff such other and further relief as may be just and

proper.

Dated:  New York, New York
        September 27, 2021
        115-1640


                                **CASEY & BARNETT, LLC**
                                Attorneys for Plaintiff

                        By:     _Martin Casey_
                                Martin F. Casey
                                305 Broadway, Ste 1202
                                New York, New York 10007
                                (212) 286-0225

9